

District Judge
Assign. by Clerk's Ofc.

Mag. Referral Judge
Assign. by Clerk's Ofc.

IN THE UNITED STATES DISTRICT COURT

for the ~~WESTERN~~ DISTRICT OF VIRGINIA
EASTERN

For use by Inmates filing a Complaint under

## CIVIL RIGHTS ACT, 42 U.S.C. §1983 or <u>BIVENS v. SIX UNKNOWN NAMED AGENTS OF FED. BUREAU OF NARCOTICS, 403 U.S.C. §388 (1971)</u>

JOSEPH ROHREN

Plaintiff full name

**1435299**

Inmate No.

DEPT OF JUSTICE

v. SA SHANE D. DANA   CIVIL ACTION NO. **1:23cv495**

SA PRESTON BOSCH

(Assigned by Clerk's Office)

Defendant(s) full name(s)

FEDERAL BUREAU OF INVESTIGATION (F.B.I)

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**A.** <u>**Where are you now?**</u> Name **and** address of facility RED ONION STATE. PRISON. 10800 N. JACK ROSE HWY, POUND VA 24279

**B.** Where did this action take place? PRINCE WILLIAM COURT

**C.** Have you begun an action in state or federal court dealing with the same facts involved in this complaint?

\_\_\_\_\_ Yes       ☒ No

If your answer to A is Yes, answer the following:

　　1.  Court: _____

　　2.  Case Number: _____

**D.** Have you filed any grievances regarding the facts of this complaint?

\_\_\_\_\_ Yes       ☒ No

　　1.  If your answer is Yes, indicate the result:

_____

THE PLAINTIFF FIRST SUBMITTED A F.O.I.A AND WHEN I WAS DENIED,

　　2.  If your answer is No, indicate why:

I APPEALED AND DENIED AGAIN 2019, I THEN FELT, FILING A STATE
HABEAS PETITION WILL EXPEDITE MY CHANCES TO RECEIVE ALL FEDERAL
REPORTS. HOWEVER, MY STATE HABEAS IS STILL CURRENTLY PENDING
SINCE OCTOBER 2019. I JUST RECENTLY TRIED FILING A WRIT OF
ACTUAL INNOCENCE CLAIM, CURRENTLY UNDER APPEAL. THEY
ESSENTIALLY RULED I NEED MORE EVIDENCE TO ESTABLISH MY CLAIMS →

**E.** Statement of Claim(s): State briefly the facts in this complaint. Describe what action(s) each defendant took in violation of your federal rights and include the relevant dates and places. **Do not give any legal arguments or cite any cases or statutes**. If necessary, you may attach additional page(s). Please write legibly.

Claim #1 – Supporting Facts – Briefly tell your story without citing cases or law:

_SEE ATTACHED HANDWRITTEN PAGES_
_(30)_

Claim #2 – Supporting Facts – Briefly tell your story without citing cases or law:

**F.** State what relief you seek from the Court. Make no legal arguments and cite no cases or statutes.

_SEE PAGE #29-#30_

**G.** If this case goes to trial, do you request a trial by jury?   Yes **X**     No ____

**H.** If I am released or transferred, I understand it is my responsibility to immediately notify the court <u>in writing</u> of any change of address *after* I have been released or transferred or my case may be dismissed.

SIGNATURE: _____   Date 3-28-23

VERIFICATION:

I, JOSEPH ROWBEN , state that I am the plaintiff in this action, and I know the content of the above complaint; that it is true of my own knowledge, except as to those matters that are stated to be based on information and belief, and as to those matters, I believe them to be true. I further state that I believe the factual assertions are sufficient to support a claim of violation of constitutional rights. Further, I verify that I am aware of the provisions set forth in 28 U.S.C. §1915 that prohibit an inmate from filing a civil action or appeal, if the prisoner has, on three or more occasions, while incarcerated brought an action or appeal in federal court that is dismissed on the grounds that it was frivolous, malicious, or failed to state a claim upon which relief may be granted, unless the prisoner is imminent danger of serious physical injury. I understand that if this complaint is dismissed on any of the above grounds, I may be prohibited from filing any future actions without the pre-payment of the filing fees. I declare under penalty of perjury the foregoing to be true and correct.

SIGNATURE: _____   Date: 3-28-23

CONTINUATION PAGE FOR D-2
IN PART, AGAINST THE F.B.I. I THEN
DECIDED TO FILE A 1983 CIVIL SUIT
AFTER DISCOVERING VARIOUS CASE LAWS
WHERE INMATES LIKE ME (PLAINTIFF)
WERE SUCCESSFUL OBTAINING ALL FEDERAL
REPORTS IN SIMILAR CASES LIKE
WITH THE PLAINTIFF.



PG-1       CLAIM #1 · SUPPORTING FACTS

THE CRUX OF THIS 1983 CIVIL SUIT
COMPLAINT COMES FROM THE FACT THAT THE
PLAINTIFF DETERMINED POST CONVICTION, THAT
THE FBI WERE DIRECTLY AND PRIMARILY
INVOLVED IN THE PLAINTIFF STATE INVESTIGATION
THAT HAD THE PLAINTIFF CONVICTED IN THE
CIRCUIT COURT OF PRINCE WILLIAM COUNTY
VIRGINIA. THAT THE PLAINTIFF STATE HABEAS
CORPUS PETITION, CURRENTLY STILL PENDING FOR
REVIEW WITH THE CIRCUIT COURT OF P.W.C,
(CASE NO CL20-3921 AND CM19-872) DESCRIBES
COUNTLESS OF CLAIMS ACCUSING, IN PART, CERTAIN
PROSECUTORS WITH THE PRINCE WILLIAM
COUNTY COMMONWEALTH OFFICE, CONSPIRED
WITH THE F.B.I (AGENTS) TO ALTER, CONCEAL,
MANIPULATE AND TAMPER WITH FEDERAL
REPORTS AND OTHER EVIDENCE THAT THE F.B.I
HAD COLLECTED DURING THE COURSE OF
THEIR INITIAL INVESTIGATION, SO AS TO
OBSTRUCT JUSTICE AND HAVE THE PLAINTIFF
WRONGLY CONVICTED.

THAT THE PLAINTIFF, POST CONVICTION,
DID SUBMIT A FREEDOM OF INFORMATION ACT
PETITION (5 U.S.C 552) WITH THE DEPT
OF JUSTICE AND THE FEDERAL BUREAU

PG2

OF INVESTIGATION, ON NOVEMBER 17, 2016,
(FOIA NO: 136147-000) SEEKING ALL REPORTS
AND DOCUMENTS GENERATED IN THE COURSE
OF THEIR INVESTIGATION AND HIS REQUEST
WAS DENIED, SOMETIME EARLY 2018, BASED ON
EXCEPTION RULE D; "DISCLOSE. INVESTIGATION
TECHNIQUES AND PROCEDURE" AND THE
PLAINTIFF BELIEVES ALSO EXCEPTION RULE A
"INTERFERE WITH ENFORCEMENT PROCEEDING"

   THE PLAINTIFF APPEALED THE INITIAL
DECISION AND EVEN HAD SPOKEN TO THE ATTORNEY
ASSIGNED BY THE D.O.J TO REVIEW THE
PLAINTIFF APPEAL AND EVENTUALLY THE
PLAINTIFF REQUEST FOR REPORTS WERE DENIED
AGAIN, EARLY/LATE 2019. (APPEAL RECORD NO
UNAVAILABLE).

THE PLAINTIFF REQUEST WERE REASONABLE, TO
WHICH, ALL HE REQUESTED (AT THE TIME) WERE
ALL FD-302 INTERVIEW REPORTS FOR THE
ACCUSED IN THE PLAINTIFF'S STATE CASE,
CURTIS HAZEN (C-H) WHO WAS THE STATES
ONLY WITNESS/EVIDENCE USED TO CONVICT
THE PLAINTIFF IN THE STATE CIRCUIT COURT
AND TO CONFIRM THE EXACT TIMELINE WHEN
C-H FIRST CONTACTED THE F.B.I TO REPORT

PG 3

ANYTHING REGARDING THE PLAINTIFF AND YET, AS REASONABLE AS SUCH REQUEST WAS, HE WAS DENIED.

THE PLAINTIFF, (IN PART ONLY) UNDER BRADY V. MARYLAND, FINDS HE'S ENTITLED TO ALL REPORTS GENERATED BY THE F.B.I CONSIDERING WHAT HE HAS UNCOVERED POST CONVICTION THAT SHOWS THE F.B.I ENGAGED IN A BEHAVIOR WITH STATE PROSECUTORS AND CERTAIN INVESTIGATORS WITH PRINCE WILLIAM COUNTY POLICE, SO AS TO OBSTRUCT JUSTICE AND HAVE THE PLAINTIFF WRONGLY ARRESTED AND CONVICTED.

FURTHERMORE, THE PLAINTIFF EXPLAINED TO THE ASSIGNED DOJ ATTORNEY, THAT;

A.  AT BEST, THE FEDERAL GOVERNMENT HAD TO PROVIDE A DETAILED EXPLANATION RELATING TO EACH FD-302 REPORT THEY CLAIM FALLS UNDER, EXCEPTION AND WHY SUCH REPORT, IN IT'S ENTIRETY MUST BE WITHHELD AND NOT REDACTED AND THAT THE GOVERNMENT BEARS THE BURDEN OF ESTABLISHING THAT THE EXEMPTION APPLIES UNDER 552(A)4B

PG 4

B   I ALSO EXPLAINED TO THE ASSIGNED DOJ
ATTORNEY THAT THE PLAINTIFF REQUEST, AT
BEST, TO PROVIDE AN ITEMIZATION AND
INDEX OF THE DOCUMENTS THEY CLAIM TO
BE EXEMPT, CORRELATING SPECIFIC STATEMENTS
IN SUCH JUSTIFICATION WITH ACTUAL
PORTIONS OF THE REQUESTED DOCUMENTS AS
HAS BEEN DONE WITH VAUGHN V. ROSEN
484 F.2d 820 (D.C CIR 1973) AND WHERE DOJ
ATTORNEY REFUSED SUCH REQUEST

AND WHEREAS THE PLAINTIFF STATES THE
FOLLOWING FACTS IN SUPPORT OF HIS 1983
CIVIL SUIT TO OBTAIN COPIES OF ALL FD302
REPORTS, DOCUMENTS, PETITIONS, AFFIDAVITS,
SUBPOENAS, SEARCH WARRANTS, AND TRANSCRIPTS
THAT WERE COLLECTED BY THE F.B.I DURING
THE COURSE OF THEIR INVESTIGATION
WHICH BEGAN 2010 AND WHERE SUCH
INVESTIGATION RESULTED WITH NO ARREST
AND NO FINDINGS THAT THE PLAINTIFF
COMMITTED ANY FEDERAL CRIMES AS OF
TODAY'S DATE MARCH 22, 2023, SOME 13
YEARS SINCE THE F.B.I INVESTIGATION
BEGAN:

PG5

1) THE PLAINTIFF WAS CONVICTED IN A STATE CIRCUIT COURT IN PRINCE WILLIAM COUNTY V.A AUGUST 20,2014, FOR CRIMES AGAINST A MINOR. THE ACCUSER, KNOWN AS CURTIS HAZEN (C-H) ALLEGES THAT THE PLAINTIFF ABUSED HIM DURING THE TIMELINE OF 1996-1999 MAKING C-H BETWEEN 12-14 YEARS OF AGE. THE PLAINTIFF WOULD'VE BEEN APPROXIMATELY 25 YRS OF AGE.

2) STATES EVIDENCE SHOWS THAT C-H DIDN'T REPORT THE ALLEGED ABUSE UNTIL 2010 WHEN HE WAS 26 YRS OF AGE, MAKING THE PLAINTIFF 41. C-H WOULD TESTIFY UNDER OATH DURING A PRELIMINARY HEARING (JULY 2012) THAT HE AND HIS ADOPTED FATHER, LESTER HAZEN (L-H) FIRST REPORTED THE ALLEGATIONS TO THE FEDERAL BUREAU OF INVESTIGATION (F.B.I) RATHER THAN LOCAL AUTHORITIES (PRINCE WILLIAM COUNTY POLICE). C-H WOULD TESTIFY THAT HIS ADOPTED FATHER WAS AN F.B.I AGENT, SUPERVISOR FOR THE HOSTAGE NEGOTION TEAM AND THAT HE AND HIS FATHER DIDN'T TRUST LOCAL AUTHORITIES (P.W.C P.D) WHICH IS WHY THEY CONTACTED THE F.B.I.

PG6

3) FORMER PROSECUTOR JEANICE WIETHOP, OF THE PRINCE WILLIAM COMMONWEALTH OFFICE WOULD LATER COMPLY WITH A CIRCUIT COURT ORDER ON JANUARY 11, 2013, TO PROVIDE THE PLAINTIFF DEFENSE ATTORNEY WITH ALL KNOWN EXCULPATORY AND IMPEACHABLE EVIDENCE UNDER BRADY V. MARYLAND. ACCORDING TO THE "VERY" FEW REPORTS WIETHOP "INITIALLY" PROVIDED ON JANUARY 11TH, SHE OFFERED JUST TWO (2) FEDERAL FD-302 REPORTS.

A. ACCORDING TO WIETHOP EVIDENCE, F.B.I AGENT SHANE D. DANA WAS THE FIRST INVESTIGATOR TO INTERVIEW C-H AND HIS FATHER, L-H, ON AUGUST 18, 2010. THE REPORT LARGELY DESCRIBED C-H ALLEGING THAT HE WOULD DRINK WITH THE PLAINTIFF, PASS OUT AND AWAKE NUDE.

POST CONVICTION, THE PLAINTIFF WAS GIVEN ANOTHER COPY OF SA DANA REPORT, BY HIS P.W.C PROBATION OFFICER, KATHERN HEDGE, WHO PREPARED HIS PRESENTENCING REPORT, TO WHICH THE PLAINTIFF DETERMINED THAT THE F.B.I REPORT GIVEN BY PROSECUTOR WIETHOP HAD BEEN INFORMATION WHITED-OUT, (PG3 LAST PAGE) OF SA DANA REPORT. WAS WIETHOP DELIBERATELY ALTERED A FEDERAL REPORT.

(CON'T NEXT PAGE)

PG7          (CONT OF PG 6-A)

THE EVIDENCE WHITED-OUT (NOT REDACTED WITH BLACK MARKER) WERE EVIDENCE THAT SA DANA DISCUSSED WAYS WITH C-H TO WEAR A WIRE AND CONFRONT THE PLAINTIFF. ( SA DANA REPORT FILE NO. 209-C-WF-241138)

B)    ADDITIONALLY, ON JANUARY 11TH 2013, MRS-WIETHOP, ALSO PROVIDED ANOTHER FEDERAL REPORT, PREPARED BY F.B.I AGENT PRESTON BOSCH, FILE NO. 194D-WF-241902. THIS REPORT SIMPLY DESCRIBES SA BOSH MEETING WITH C-H ON JANUARY 10, 2011, TO WHICH SA BOSH SIMPLY STATES THAT C-H REITERATED THE SAME INFORMATION TOLD TO SA DANA ON AUGUST 18, 2010

C)    MRS WIETHOP INITIALLY AND DELIBERATELY HAD NOT PROVIDED THE PLAINTIFF ATTORNEY WITH MULTIPLE F.B.I STING PHONE OPERATION TRANSCRIPTS, WHERE THE F.B.I RECORDED CONVERSATION BETWEEN THE PLAINTIFF AND C-H FOR A PERIOD OF ONE YEAR DECEMBER 2010-DECEMBER 2011.

D)    MRS WIETHOP INITIALLY AND DELIBERATELY FAILED TO PROVIDE A VIDEO INTERVIEW OF C-H THAT WAS CONDUCTED BY FBI CATHERINE CONNELL, ON OCTOBER 23, 2011, WHOM IS A

PG8    (CONT OF PG 7-D)

FORENSIC SPECIALIST AND WHERE, SA PRESTON
BOSH WAS PRESENT DURING THAT INTERVIEW.

THIS INTERVIEW, IN PART, SHOWS C-H
ALLEGING THAT PRIOR TO MEETING THE
PLAINTIFF, HE WAS SEXUALLY ABUSED BY AN OLDER
NEIGHBORHOOD KID. THE PLAINTIFF POST
CONVICTION EVIDENCE SHOWS THE FBI
KNEW THESE NEW ALLEGATIONS ABOUT THE
NEIGHBORHOOD KID WAS A LIE. C-H ALSO
DESCRIBED, DURING THE F.B.I FORENSIC
INTERVIEW, WHAT HE SAYS WAS THE FIRST
INCIDENT OF SEXUAL ABUSE AND DURING THE
STATES PRELIMINARY HEARING, HE DESCRIBED
DESCRIBED AN ENTIRELY DIFFERENT TYPE
FIRST INCIDENT, THAT, ACCORDING TO C-H,
WAS NONSEXUAL IN NATURE.

E    IT SHOULD BE NOTED THAT SA DANA MENTIONED
IN HIS AUGUST 18, 2010 REPORT THAT HE
ALSO INTERVIEWED L-HAND PREPARED A
SEPARATE FD-302 FOR THAT INTERVIEW TO
WHICH THE PLAINTIFF, NOR, HIS ATTORNEY, HAS
EVER RECEIVED THAT REPORT

— OVER —

PG 9

F.   THE LAST FEDERAL (KNOWN) REPORT MRS WISHOP
PROVIDED THE PLAINTIFF ATTORNEY ON
JANUARY 11, 2013, AS PART OF THE COURTS
BRADY/DISCOVERY ORDER, COMES FROM AN
INTERVIEW SA DANA HAD WITH THE PLAINTIFF
MARCH 2010. THIS INTERVIEW PERTAINED
TO ALLEGATIONS THAT F.B.I SA DANA ACCUSES
THE PLAINTIFF OF ENGAGING IN WHAT HE
SUSPECTS AS PRESCRIPTION FRAUD, YET, -
- - - POST CONVICTION - - - THE PLAINTIFF
HAS FACTUAL EVIDENCE THAT WILL SHOW
(IN PART) THE FBI USED THE PRESCRIPTION
FRAUD OFFENSE AS A RUSE TO ACTUALLY
INVESTIGATE THE PLAINTIFF FOR ALLEGATIONS
C-14 MADE TO THE F.B.I AND HIS FATHER
THAT ~~THE~~ HE WAS DRUGGED AND MOLESTED BY THE
PLAINTIFF.

THE PLAINTIFF WOULD LEARN, POST
CONVICTION, THAT THE FBI'S SEARCH
WARRANT WAS EXECUTED UNDER FALSE
PRETENCES CLAIMING SUCH PROBABLE CAUSE
WERE FOR FRUITS OF EVIDENCE FOR
PRESCRIPTION FRAUD WHEN IN FACT THIS
WAS FALSE, ACCORDING TO THE PLAINTIFF'S
POST CONVICTION EVIDENCE.

PG 10

## BRIEF BACKGROUND INFORMATION

THE PLAINTIFF LEFT / RESIGNED AS A LAW ENFORCEMENT OFFICER 2004, TO OWN AND OPERATE AN ICE CREAM NOVELTY SHOP. THE BUSINESS WAS A GREAT SUCCESS, TO WHICH THE PLAINTIFF EMPLOYED APPROX 12-15 SEASONAL WORKERS THAT CONSIST MOSTLY OF TEENAGERS OR COLLEGE KIDS. THE PLAINTIFF BECAME HEAVILY DEPENDENT ON SLEEPING PILLS BETWEEN 2008-2010.

CH (AGE 26) WAS KNOWN TO THE PLAINTIFF WHEN C-H WAS 14. C-H'S ADOPTED F.B.I FATHER WAS FRIENDS WITH THE PLAINTIFF. C-H, JOINED THE MILITARY 2002, DISHONORABLY DISCHARGED 2004, AND BECAME HEAVILY DEPENDENT ON DRUGS AND ALCOHOL. BETWEEN 2006-2009, C-H HAD BEEN CRIMINALLY ARRESTED, HE WOULD EVENTUALLY ~~EVER~~ BE ADMITTED TO A MENTAL INSTITUTION AND DRUG — — REHABILITATION CENTER. ON JANUARY 17, 2010, C-H WAS PRACTICALLY DISOWNED BY HIS ADOPTIVE PARENTS, ALL OF WHICH THE PLAINTIFF KNEW LITTLE OF C-H'S STRUGGLES. C-H BORROWED $13,000 DOLLARS FROM THE PLAINTIFF JANUARY 17, 2010.

- OVER -

PG·11

THE PLAINTIFF HIMSELF UNDERSTOOD C-H WAS
ATTENDING REHAB, WHICH PROMPTED THE
PLAINTIFF TO REVEAL TO C-H ABOUT HIS OWN
ADDICTION - - - ONLY THE PLAINTIFF WAS
ADDICTED TO SLEEPING PILLS PRESCRIBED TO
HIM BY DOCTORS. THE PLAINTIFF REVEALED
TO C-H HE'S BEEN SEEING MULTIPLE DOCTORS
TO OBTAIN SLEEPING PILLS.

ON OR ABOUT MARCH 8, 2010, AGENT SHANE DANA
WITH THE F.B.I, ALONG WITH APPROX 25
FEDERAL AGENTS, SURPRISED THE PLAINTIFF
AS THEY EXECUTED A SEARCH WARRANT ON THE
PLAINTIFFS RESIDENCE AT 16415 STEERAGE CIR,
WOODBRIDGE V.A ( SEARCH WARRANT NO. 1 : 10sw133

SA DANA WOULD EVENTUALLY PROVIDE THE
PLAINTIFF ATTORNEY A COPY OF THE SEARCH WARRANT
AFFIDAVIT, TO WHICH IT DESCRIBES THE
F.B.I'S PROBABLE CAUSE THAT THE PLAINTIFF WAS
BEING INVESTIGATED FOR PRESCRIPTION FRAUD.

THE AFFIDAVIT DESCRIBES THE PLAINTIFF
HAS BEEN UNDER "ROUND THE CLOCK"
SURVEILLANCE BY THE F.B.I BETWEEN JANUARY
AND EARLY MARCH 2010.

OVER

PG12

THE AFFIDAVIT SHOWS SA DANA WAS TOLD, ON JANUARY 20, 2010, BY A SOURCE SA DANA FAILED TO IDENTIFY IN HIS AFFIDAVIT, THAT THE PLAINTIFF WAS OBTAINING HUNDREDS OF PRESCRIPTIONS FOR SLEEPING PILLS, NAMELY A DRUG CALLED AMBIEN. SA CONFIRMED THIS SOURCES INTEL, ON JANUARY 21,2010, BY EXAMINING DATA SUPPLIED BY THE VIRGINIA PRESCRIPTION MONITOR PROGRAM.

ALTHOUGH THE PLAINTIFF'S COMPUTERS AND CELLPHONES WERE SEIZED, THERE WERE OTHER ITEMS ALSO SEIZED BY THE FBI THAT MADE NO SENSE TO THE PLAINTIFF THAT WAS, (ACCORDING TO THE F.B.I) SUPPOSEDLY TO BE FOR A PRESCRIPTION FRAUD INVESTIGATION, SUCH AS, BUT NOT LIMITED TO;

(1) A SILVER SPOON, DISCOVERED ON THE PLAINTIFF'S BEDROOM NIGHTSTAND.

(2) A WALLET SIZE PHOTO, DEPICTING AN ADULT STUDENT WEARING HIS HIGH-SCHOOL GRADUATION GOWN. THIS PHOTO WAS DISCOVERED ON THE KITCHEN ISLAND.

( OVER )

PG 13

(3) A HOLIDAY CHRISTMAS PHOTO DEPICTING APUD WITH MALE CHILDREN, FOUND IN THE MASTER BATHROOM DRAW, ALONG WITH OTHER MAIL,

THE PLAINTIFF WAS INTERVIEWED BY SA DANA AT HIS RESIDENCE AND AT THE PRINCE WILLIAM COUNTY POLICE STATION. AT NO POINT DID SA DANA QUESTIONED THE PLAINTIFF REGARDING C-H OR ANY SUSPICION THAT HE IS SUSPECTED OF ABUSING C-H OR MALE TEENS.

SA DANA INFORMED THE PLAINTIFF THAT A TEAM OF INVESTIGATORS WERE AT AREA HIGH-SCHOOLS INTERVIEWING STUDENTS THAT WERE SEEN AT THE PLAINTIFF'S RESIDENCE, WHEN HE WAS UNDER F.B.I SURVEILLANCE, THAT SOME CLAIMED TO BE IN HIS HOT TUB NUDE OR WERE SMOKING MARIJUANA, THE PLAINTIFF REFUSED TO DISCUSS MATTERS HE HAD NO IDEA WHAT SA DANA WAS SPEAKING ABOUT OR WHOM.

SA DANA NEVER BROUGHT UP ANY OTHER ALLEDGE INCEDENT RELATED TO CHILDREN AND STAYED FOCUSED ON THE PLAINTIFF'S DOCTOR SHOPPING FOR SLEEPING PILLS.

—◦∾

PG14

THE RESULTS OF THE F.B.I SEARCH OF THE PLAINTIFF RESIDENCE, TO INCLUDE THEIR SURVEILLANCE OF THE PLAINTIFF PRODUCED NO EVIDENCE TO WARRANT ANY FEDERAL CHARGES FOR PRESCRIPTION FRAUD. THE PLAINTIFF CELLPHONE(S) AND COMPUTER(S) WERE FORENSICALLY EXAMINED, SOLELY BY THE F.B.I AND NO EVIDENCE WERE FOUND TO SUGGEST THAT THE PLAINTIFF ENGAGES IN CRIMINAL CONDUCT.

THE PLAINTIFF LEARNED FROM SPEAKING WITH HIS MALE EMPLOYEES, THAT THEY WERE SPECIFICALLY ASKED IF THE PLAINTIFF HAD OFFERED THEM SLEEPING PILLS, OR BELIEVED THEY'VE BEEN DRUGGED BY THE PLAINTIFF AND HAD THE PLAINTIFF SEXUALLY ABUSED THEM. THOSE WHOM QUESTIONED THE PLAINTIFF, WERE THOSE AGENTS AND DETECTIVES AGENT SHANE DANA TOLD THE PLAINTIFF WERE AT THERE HIGH-SCHOOLS.

THE PLAINTIFF WAS DISTURBED THAT SUCH QUESTIONS WERE ASKED FOR A PRESCRIPTION FRAUD INVESTIGATION, BUT THOUGHT NOTHING OF IT AT THE TIME.                    — OVER —

PG 15

ONE MONTH AFTER THE F.B.I SEARCHED
THE PLAINTIFF RESIDENCE, THE F.B.I EXECUTED
ANOTHER SEARCH WARRANT ON THE PLAINTIFF
FORMER EMPLOYER GOVERMENT BUILDING
(DUMFRIES POLICE DEPT) EARLY APRIL 2010.

THE PLAINTIFF WOULD LATER BE TOLD BY THE
FORMER CHIEF OF POLICE, THE LATE CALVIN
JOHNSON, THAT HE THOUGHT THE SEARCH
RELATED TO THE PLAINTIFF, BUT WAS UNABLE TO
VERIFY THIS BECAUSE HE WAS FORCED TO
RESIGN WEEKS BEFORE THE F.B.I EXECUTED
IT'S SEARCH WARRANT.

THE PLAINTIFF CAN STATE AFFIRMATIVELY
THAT HE WATCHED A NEWS CONFERENCE
BROADCASTED ON LOCAL STATIONS, SHOWING
FORMER CHIEF COMMONWEALTH PROSECUTOR,
PAUL EBERT, FOR P.W.C, SURROUNDED BY
WHAT APPEARED TO BE F.B.I AGENTS, AND
OTHER INVESTIGATORS ALIKE, REFUSING TO
ADDRESS SPECIFICALLY WHY THE F.B.I SEIZED
DOCUMENTS FROM THE DUMFRIES POLICE
AND WHO THE SEARCH RELATED TO.

- END OF BACK GROUND -

- OVER -

PG 16

F. THE PLAINTIFF WAS ARRESTED MARCH 2012 BY THE P.W.C POLICE ON 23 FELONY CHARGES FOR ALLEGEDLY ABUSING C-H BETWEEN 1996-1999 MAKING C-H BETWEEN 12-14 YRS OLD.

DURING PRELIM, 16 CHARGES WERE DISMISSED, A GRAND JURY CONVENED THEREAFTER WHERE THE PLAINTIFF WAS SERVED 15 INDICTMENTS AND A YEAR THEREAFTER, AS THE TRIAL KEPT GETTING CONTINUED, FORMER PROSECUTOR WOULD DISMISS ALL SEVEN INDICTMENTS SHOWING A TIMELINE WHEN C-H WAS 12 YEARS OLD, CITING TO THE JUDGE THAT C-H DISCOVERED ON HIS OWN, HE MET THE PLAINTIFF AT AGE 13, NOT 12. * AGE IS A CRITICAL ELEMENT THE STATE OF VIRGINIA MUST ESTABLISH BEFORE ARRESTING AND CONVICTING ANY SUSPECT IN A CHILD RAPE CASE.

ANALYSIS OF THE PLAINTIFF POST CONVICTION EVIDENCE THAT COMPELLED THE PLAINTIFF TO FILE A FREEDOM OF INFORMATION ACT WITH THE DEPT OF JUSTICE AND THE F.B.I

- OVER -

P17

1   THE PLAINTIFF STATE WRIT HABEAS PETITION
CASE NO CM 19-872 & CL 20-3921, WILL
FACTUALLY DEMONSTRATE, ACCORDING TO
CLAIMS NO. 1 (A-L), 4, 6, 8, 10, 11, 12 (A-E)
13 (A & B), THAT THE F.B.I, SPECIFICALLY
SA DANA & SA PRESTON BOSH, ENGAGED IN A
CONDUCT SO THAT TO OBSTRUCT JUSTICE, BY,
IN PART, ALTERING A TIMELINE TO PREVENT
THE PLAINTIFF FROM KNOWING THAT C-H
AND HIS F.B.I FATHER, L.H, CAME FORWARD
JANUARY 20, 2010 TO REPORT HE WAS DRUGGED
AND MOLESTED AND INSTEAD, SA DANA,
GENERATED FEDERAL REPORTS MAKING IT
APPEAR C-H FIRST CAME FORWARD AUGUST 18,
2010.

2.  THE ABOVE MENTIONED CLAIMS DESCRIBE HOW
THE PLAINTIFF CONDUCTED AN EXTENSIVE, POST-
CONVICTION, INDEPENDENT INVESTIGATION
AND FACTUALLY CONCLUDED, THAT C-H WAS
INITIALLY TREATED BY THE F.B.I (PRIMARILY)
SA SHANE DANA, AS AN INFORMANT OR RELIABLE
SOURCE OF INFORMATION, SINCE IT WAS C-H
(THE PLAINTIFF DETERMINED), TIPPED THE F.B.I
OFF BY INFORMING AGENTS REGARDING THE
PLAINTIFF IS DOCTOR SHOPPING FOR PILLS.

P18

3. SA DANA SEARCH WARRANT AFFIDAVIT DESCRIBES AN UNKNOWN/UNMENTIONED INDIVIDUAL TOLD SA DANA THIS INTEL ON JANUARY 20, 2010 --- THAT "SOMEONE" (THE PLAINTIFF DETERMINED POST CONVICTION) WAS C-H AND HIS FATHER. THE PLAINTIFF HAS DOCUMENTATION THAT C-H'S ADOPTED F.B.I FATHER L-H, DID NOT INITIALLY BELIEVED C-H WAS ABUSED, THAT L-H DIRECTLY ACCUSED C-H OF MAKING THESE ALLEGATIONS UP TO TAKE ATTENTION OFF HIMSELF DUE TO HIS OWN RECENT TROUBLE WITH LAW ENFORCEMENT. THE F.B.I CONFIRMED C-H'S INTEL RELATED TO THE PLAINTIFF DOCTOR SHOPPING ON JANUARY 21, 2010 AND BEGAN CONDUCTING ROUND THE CLOCK SURVEILLANCE OF THE PLAINTIFF.

4. THE PLAINTIFF EVIDENCE HIGHLY SUGGEST L-H WAS MORE COMFORTABLE THAT THE F.B.I TREAT C-H AS AN INFORMANT AND NOT AS A VICTIM OF SEXUAL ABUSE, AND RATHER USE C-H'S PRESCRIPTION FRAUD INTEL AS A RUSE TO EXECUTE A SEARCH WARRANT ON THE PLAINTIFF RESIDENCE, BELIEVING ---

- OVER -

PG19      CON'T FOR LINE NO. 4

--- THEY WOULD DISCOVER, AT BEST, EVIDENCE
ON THE PLAINTIFF COMPUTER / CELLPHONES
THAT WOULD CORROBORATE C-H'S ALLEGATIONS
THAT THE PLAINTIFF ABUSES CHILDREN
OR ENGAGES SEXUALLY INAPPROPRIATELY
WITH MINORS.

5.   ACCORDING TO THE PLAINTIFF POST CONVICTION
EVIDENCE, C-H TOLD THE F.B.I HE WAS ABUSED
BEGINNING WHEN HE WAS 12, AND CONTINUED
TO WHEN HE WAS 13. HE DESCRIBED ALSO TO
THE F.B.I, THAT HE ONCE TEMPORARILY LIVED
WITH THE PLAINTIFF WHEN HE WAS A TEENAGER
AT AN APARTMENT THE PLAINTIFF LEASED. C-H
DESCRIBED AN INCIDENT HAD OCCURRED
BETWEEN HE AND THE PLAINTIFF, TO WHICH
INVOLVED (IN PART) ARGUING THAT CAUSED
NEIGHBORS TO CALL THE POLICE.

POST CONVICTION THE PLAINTIFF FACTUALLY
CAN PROVE C-H TOLD THE F.B.I MULTIPLE
DIFFERENT STORIES RELATED TO THIS "APARTMENT"
"APARTMENT INCIDENT" THAT RANGED FROM
FINDING THE PLAINTIFF TRYING TO MOLEST
HIM WHILE HE WAS ASLEEP, TO WHICH
(CON'T PG 20)

PG 20   (CON'T PG. 19 #5)

--- HE TRIED LEAVING THE APARTMENT AND
NEIGHBORS CONTACTED THE POLICE, TO
THAT OF THE PLAINTIFF MOLESTING HIM AND
C-H CLAIMED HE RECEIVED A BLOODY NOSE
DEFENDING HIMSELF. EVIDENCE SHOWS POST
CONVICTION THAT C-H CONVINCED THE
F.B.I THAT THE PLAINTIFF, (POLICE)
SUPERVISORS WITH DUMFRIES WERE AWARE
OF WHAT WAS HAPPENING, INTERVIEWED
C-H DURING AN INTERNAL INVESTIGATION
AND THEY (DUMFRIES) COVERED-UP THE
PLAINTIFF BEHAVIOR.

6)   AS A RESULT OF THESE VARIOUS "APARTMENT
INCIDENT'S" THE PLAINTIFF EVIDENCE SHOWS
A MONTH AFTER THEY SEARCHED THE PLAINTIFF
RESIDENCE, THE F.B.I EXECUTED ANOTHER
SEARCH WARRANT ON DUMFRIES POLICE DEPT.
THE F.B.I WOULD SEIZE THAT I'A
INVESTIGATION REPORT AND DETERMINED GH
LIED TO FEDERAL AGENTS, AS THEY LEARNED THAT
C-H TOLD IA DUMFRIES P.D, 8-2021, THAT HE WAS
REBELLING BY WANTING TO LEAVE THE APT LATE AT
NIGHT, TO BE WITH HIS FRIENDS, THAT THE
PLAINTIFF TRIED TO - --

(-OVER-

PG 21   (CON'T #6)

- - STOP C-H, THAT C-H SLAMMED THE PLAINTIFF
AGAINST THE WALL AND THAT IT WAS C-H'S
ACTIONS/BEHAVIOR, THAT HAD NEIGHBORS
CALLING POLICE.

7)   THE F.B.I WOULD LEARN THAT DUMFRIES POLICE
I'A INTERVIEWED C-H AND BOTH HIS PARENTS.
THE PLAINTIFF DIDN'T VIOLATE ANY LAWS OR
POLICE POLICIES AS A RESULT OF THAT APT ~~ENCP~~
INCIDENT.  THE IA REPORT ALSO SHOWS
EVIDENCE C-H DID NOT KNOW THE PLAINTIFF
UNTIL AFTER HE TURNED 14.  THE F.B.I WOULD
DETERMINE C-H LIED WHEN HE ALLEGED THE
PLAINTIFF MOLESTED HIM WHEN HE WAS 12-13
YRS OLD, BECAUSE THE PLAINTIFF DID NOT KNOW
HIM.  THE F.B.I DISCOVERED ADDITIONAL
PHYSICAL EVIDENCE, (POST CONVICTION) THAT
CONSIST OF A LETTER THAT L-H HAD ACTUALLY
WRITTEN TO THE PLAINTIFF CHIEF OF POLICE,
DURING HIS TENURE WITH THE F.B.I, THE
LETTER WAS DATED OCTOBER 1998, DESCRIBING
SPECIFICALLY, IN PART, C-H WAS 14 WHEN HE
FIRST MET THE PLAINTIFF.

PG 22

8) THE PLAINTIFF POST CONVICTION EVIDENCE SHOWS, PER HIS WRIT HABEAS PETITION, THAT AFTER THE SEARCH OF BOTH LOCATIONS, THE F.B.I HAD EVIDENCE THAT SHOWED, IN PART, C-H LIED ABOUT THE ABUSE, JUST AS EVIDENCE WILL PROVE (DISCOVERED POST CONVICTION) C-H'S F.B.I FATHER STRONGLY SUSPECTED HIS OWN (ADOPTED) SON WAS A LIAR. ADDITIONALLY, THE PLAINTIFF EVIDENCE FACTUALLY SHOWS C-H REPORTED THE ALLEGED ABUSE JANUARY 20, 2010, --- THAT HE'S THE "UNIDENTIFIABLE" SOURCE MENTIONED IN SA DANA SEARCH WARRANT AFFIDAVIT, AND THAT -- BEFORE REPORTING THE ALLEGED ALLEGATIONS, C-H DID IN FACT BORROWED $3,000 DOLLARS FROM THE PLAINTIFF JANUARY 17TH, CASHED THE CHECK JANUARY 19TH, 2010 AND THEN REPORTS ALLEGED ABUSE TO HIS FATHER/F.B.I JANUARY 20TH, NOT MENTIONING THE LOAN.

THE F.B.I WOULD LATER (ACCORDING TO POST CONVICTION EVIDENCE) - DISCOVER THE LOAN WHEN EXAMINING THE PLAINTIFF FINANCIAL RECORDS.

- OVER -

PG 23

9)   THE PLAINTIFF EVIDENCE SHOWS, ACCORDING
TO VARIOUS CLAIMS, PER HIS STATE WRIT HABEAS
PETITION, THAT THE F.B.I REFRAINED FROM
CONFRONTING C-H WITH HIS, DISCREPANCIES,
LIES AND INCONSISTENCIES BECAUSE BY
DOING SO WOULD RESULT IN HAVING TO CHARGE
C-H CRIMINALLY FOR (AT BEST) LYING TO
FEDERAL AGENTS.  PLAINTIFF'S EVIDENCE
SHOWS THERE SEEMS TO BE MORE OF AN
INTEREST PROTECTING THE REPUTATION
OF A F.B.I COLLEAGUE (L-H) FROM ANY
EMBARRASMENT THAT HIS ADOPTED SON HAD
OBSTRUCTED JUSTICE, THAT POST CONVICTION
WILL FACTUALLY SHOW THE F.B.I, PARTICULARLY
SA DANA, DONE THE "UNTHINKABLE", BY
GENERATING A FICTITIOUS, FEDERAL REPORT,
MAKING IT APPEAR, C-H AND HIS FATHER,
CAME FORWARD AUGUST 18, 2010.

     SA DANA WILL ALSO, FALSELY, WRITE IN HIS
REPORT THAT C-H WAS SEXUALLY ABUSED,
BEGINNING WHEN HE WAS 12, WHEN IN FACT,
SA DANA WAS IN POSSESSION OF PHYSICAL
DOCUMENTS, SEIZED FROM DUMFRIES POLICE,
PROVING, THE PLAINTIFF DID NOT KNOW C-H WHEN HE
WAS 12 OR 13 YRS OF AGE.

PG 24

30. THE PLAINTIFF, POST CONVICTION, HAS PHYSICAL
DOCUMENTS SHOWING C-H, IN HIS OWN
WORDS, UNDER OATH, AND PRIOR TO INDICT-
MENTS BEING OBTAINED, STATED THAT
AFTER HE CASHED THE $3,000 CHECK ON
JANUARY 19TH, HE TOLD HIS FATHER ABOUT
THE ~~CH~~ ALLEDGED ABUSE AND THEY BOTH
CONTACTED THE F.B.I, BECAUSE THEY
DID NOT TRUST LOCAL POLICE. HOWEVER,
THE (INTIAL) LEAD STATE PROSECUTOR, MRS-
WIETHOP, HAD THE DEFENSE BELIEVING,
(BASED ON MANIPULATED AND ALTERED DISCOVERY
EVIDENCE SHE PROVIDED) THAT SA DANA
FIRST MET C-H AND HIS FATHER AUGUST 18,
2010 (NOT JANUARY 2010), TO WHICH, SHE
WOULD (UNDER MYSTERIOUS CIRCUMSTANCES)
LEAVE HER JOB AS A PROSECUTOR, THREE
WEEKS BEFORE TRIAL.

ACCORDING TO THE PLAINTIFF POST
CONVICTION EVIDENCE, THE NEWLY APPOINTED
PROSECUTORS, JAMES WILLET AND LAUREN POMERANTZ,
CONSPIRED WITH L-H TO TESTIFY, UNDER
OATH, TO THE FOLLOWING:

- OVER -

PG 25

A. THAT HIS SON WAS LIVING WITH HIM JUNE 2010, AT AGE 26, AND THAT HE WROTE A LETTER DESCRIBING HOW THE PLAINTIFF ABUSED HIM, LEFT THE LETTER ON A DESK IN HIS (L-H'S) BEDROOM AND MENTIONED IN THE LETTER FOR L-H TO NOT CONFRONT HIM ABOUT THE LETTER UNTIL HE (C-H) WAS READY TO DISCUSS IT

B. L-H TESTIFIED HE DIDN'T CONFRONT C-H BECAUSE QUOTE; " I WANTED MY SON TO FIGHT THIS BATTLE ON HIS OWN" END QUOTE. L-H TESTIFIED ON JULY 9TH, 2010, HE RECEIVES A CALL FROM THE PLAINTIFF, THAT THE PLAINTIFF TOLD L-H, HOW THE F.BI EXECUTED A SEARCH WARRANT ON HIS RESIDENCE MARCH 2010 FOR PRESCRIPTION FRAUD FOR SLEEPING PILLS, L-H TESTIFIED, AFTER THAT CALL, HE ENCOURAGED C-H TO CONTACT THE F.B.I FOR FEAR THE PLAINTIFF MAY BE USING THE SLEEPING PILLS ON CHILDREN. THAT L-H CONTACTED THE AGENT WHO EXECUTED THE SEARCH WARRANT ( SA DANA) ON JULY 10, 2010.

PG 26

11. POST CONVICTION EVIDENCE PROVES, STATE PROSECUTORS NEVER PROVIDED THE DEFENCE WITH ANY EVIDENCE AND THE INFORMATION THAT L-H TESTIFIED TO. TRIAL WAS THE FIRST TIME EVER THE PLAINTIFF HEARD EVIDENCE THAT C-H WROTE SOME LETTER TO HIS FATHER, JUNE 2010, THEN CONTACTED THE F.B.I JULY 10, 2010, OR THAT HIS FATHER RECEIVED A CALL FROM THE PLAINTIFF. FURTHERMORE, SA DANA DID FURNISH STATE PROSECUTORS WITH A FD 302 REPORT, DATED AUGUST 18, 2010, AND ALTHOUGH, POST CONVICTION, THE PLAINTIFF ACCUSES SUCH REPORT TO BE FICTITIOUSLY GENERATED, NONETHELESS, IT SHOWS THIS WAS THE FIRST TIME L-H & C-H WAS INTERVIEWED BY SA DANA.

\* ASSUMING L-H'S TESTIMONY WAS TRUTHFUL, COMMON SENSE DICTATES THAT HAD L-H CONTACTED THE F.B.I JULY 10, 2010, AS AN AGENT HIMSELF, TO REPORT HIS SON WAS SEXUALLY ABUSED BY A FORMER POLICE DETECTIVE - - - THEN ANSWERS MUST BE GIVEN TO THE PLAINTIFF AS TO WHY THE F.B.I (SA DANA) WAITED (40) FORTY DAYS (8-18-2010) TO INTERVIEW CH/LH?

— OVER —

PG ~~28~~ 27        CONCLUSION OF FINAL ANALYSIS

12.   THE PLAINTIFF POST CONVICTION EVIDENCE
SHOWS THAT HAD IT NOT BEEN FOR THE PLAINTIFF,
HIRING A COURT REPORTER TO TRANSCRIBE C-H'S
TESTIMONY DURING THE PRELIMINARY HEARING
IN THE CIRCUIT JUVENILE COURT OF PRINCE
WILLIAM COUNTY, THEN EVIDENCE HIGHLY
SUGGEST THAT STATE PROSECUTORS, MRS WIETHOP,
MR. WILLET, AND MRS POMERANZ, INTENDED ON
USING ALL EVIDENCE COLLECTED BY THE F.B.I,
SUCH AS, PHONE STING REPORTS, SURVEILLANCE
REPORTS, C-H'S ORIGINAL STATEMENTS, THAT
THE F.B.I COLLECTED JANUARY 2010 AND THAT
ANY "DISCREPANCIES" C-H TOLD THE F.B.I,
(POST CONVICTION EVIDENCE) SUGGEST THAT
STATE PROSECUTORS INTENDED TO MAKE USE OF
THAT F.B.I FORENSIC C-H HAD WITH CATHERINE
CONNEL, TO WHICH THIS FORENSIC SPECIALIST,
WAS ESSENTIALLY GOING TO OFFER EXCUSES
OR EXPLANTIONS WHY C-H WASN'T TRUTHFUL,
OR MORE FORTHCOMING --- HOWEVER --- ANY
HOPE STATE PROSECUTORS COULD MAKE USE OF THE
F.B.I EVIDENCE WERE MET WITH GREAT
RESISTANCE BECAUSE OF THE LIES C-H TESTIFIED
TO UNDER OATH, CONTRARY TO WHAT HE TOLD THE
FBI, BEGINING JANUARY 2010.
                                    - OVER -

G 28

13. THAT BECAUSE THE PRELIMINARY HEARING WAS
C-H'S ONLY SWORN TESTIMONY, THOSE TRANSCRIPTS
COULD BE USED AGAINST HIM IN A FEDERAL
INVESTIGATION SHOULD THE DEFENSE COME
INTO POSSESSION OF THOSE F.B.I REPORTS, BOTH
THE F.B.I AND STATE PROSECUTORS CONCEALED,
ALTERED AND TAMPERED WITH, IN ORDER TO
DIVERT JUSTICE FROM BEING SERVED AND TO
HAVE THE PLAINTIFF WRONGLY ARRESTED
AND CONVICTED. EMPHASIS ADDED

## CONCLUSION OF CLAIM # 1

PG 29    STATE WHAT RELIEF YOU SEEK FROM
THE COURT. MAKE NO LEGAL ARGUMENT
AND CITE NO CASES OR STATUTES

1) BECAUSE THE PLAINTIFFS FILED A WRIT
ACTUAL INNOCENCE PETITION, ( SEE ATTACHED
COURT DOCUMENT RECORD NO 1792-22-4 ), TO
WHICH HE DOES, IN PART ACCUSES THE F.B.I
OF ( AT BEST ) OBSTRUCTING JUSTICE AND
WHERE HIS PETITION IS SUMMARILY
DISMISSED AND UNDER APPEAL, HE'S
REQUESTING THIS HONORABLE COURT TO
ORDER THE DEPT OF JUSTICE AND THE
F.B.I, TO;

A. PROVIDE ALL COPIES OF ALL FD-302 REPORTS,
TO INCLUDE, ALL INTERVIEWS FOR C-H AND
L-A, TO THAT OF ALL INVESTIGATION
REPORTS, AFFIDAVITS, SUBPOENAS, PETITIONS
SURVEILLANCE REPORTS, LIST OF NAMES
AND AGENCIES OF ALL WHO INVESTIGATED,
AND OR ASSISTED THE F.B.I, TO THAT
OF SWORN TRANSCRIPT AND ALL REPORTS
PREPARED BY, SPECIFICALLY, FORENSIC
SPECIALIST, CATHERINE CONNEL, TO THAT
OF SEARCH WARRANT AFFIDAVITS .

~ OVER ~

PG 30

B. THE PLAINTIFF'S EVIDENCE SHOWS THAT THE F.B.I, DID IN FACT EXECUTE A SEARCH WARRANT ON THE TOWN OF DUMFRIES POLICE DEPT, SEIZING DOCUMENTS FROM FILES RELATED TO THE PLAINTIFF AND WHERE HE REQUEST COPIES OF THOSE SAME TYPES OF PARTICULARS THAT ARE MENTIONED IN SUBPARAGRAPH A. THIS INCLUDES THAT INTERNAL INVESTIGATION REPORT MENTIONED THROUGHOUT CLAIM ONE.

THE PLAINTIFF FINDS HIS REQUEST IS REASONABLE, GIVEN THE FACT, E-H AND HIS FATHER FIRST CONTACTED THE F.B.I AND MADE IT CLEAR, THEY DID NOT TRUST LOCAL POLICE. LASTLY, THE F.B.I BEGAN THEIR INVESTIGATION 2010, AND IT'S BEEN 13 YRS AND AT NO POINT HAS THE PLAINTIFF BEEN CHARGED FOR ANY FEDERAL CRIMES, YET, THE PLAINTIFF EVIDENCE SHOWS, THE INVESTIGATION INITIATED BY THE F.B.I WILL ASSIST THE PLAINTIFF TO PROVE HIS ACTUAL INNOCENCE.